# MERRIMACK,

## JULY TERM, A. D. 1846.

---

## OTIS *v.* CURRIER, Plaintiff in Review.

Upon a review of an action there is no technical reversal of the first judgment, but a new judgment is entered.

If the plaintiff fails in an original action for the recovery of damages, or recovers less than he is entitled to, the judgment in the review gives him damages to the extent to which it appears he ought to have recovered originally. If the defendant prevails on the review, he recovers back in damages what the plaintiff ought not to have recovered of him.

If, in a real action, the plaintiff obtains judgment, and the defendant recovers upon review, he has judgment for the land, or for that part of it to which it appears he has title.

If the action is upon a mortgage, and the plaintiff has recovered and had possession for a year, the review will not open the foreclosure, unless the defendant recovers. But if it appears that the mortgage is invalid, there is judgment that the defendant recover back the land, notwithstanding the apparent foreclosure. If the conditional judgment appear to be entered for too large a sum, the foreclosure is opened, and the defendant has judgment to recover back the land, on payment of the sum found to be due.

WRIT OF REVIEW. The original action was brought by Otis against Currier, to recover possession of certain premises, particularly described in the writ.

The action was founded upon a mortgage, and at the September term, 1843, the plaintiff, Otis, obtained judgment as of mortgage. Subsequently the defendant, Currier, having, on petition to this court, obtained leave therefor, brought this writ of review. See a former case, 17 N. H. Rep. 463.

At this term the original plaintiff moved the court to quash the writ of review, "because, since the September term of the court of common pleas, A. D. 1843, to wit, on the 16th day of December, 1843, he entered into the said mortgaged premises, under process of law on said mortgage, and has continued in actual possession of said premises for one year and more, without in any manner being restrained or enjoined from perfecting his foreclosure."

*Eaton,* for Otis, defendant in review.

*Perley & Ainsworth,* for the plaintiff in review.

PARKER, C. J. This motion cannot prevail. The statute of 1790, relating to reviews, provided that, upon the review, "the cause shall be tried in the same manner as if no judgment had been given thereon; and the former judgment may be reversed, wholly or in part, and greater damages, or less, or no damages may be given, as the merits of the cause, upon the law and the evidence, shall appear to require," &c. But a writ of review does not operate like a writ of error. In practice there has been no technical reversal of the first judgment, as there is upon error; but the first judgment, being permitted to stand, a new judgment has been rendered in the action of review, which provides the proper remedy, as the rights of the parties then appear to exist. If, in the original action, the defendant prevailed, or the plaintiff was not satisfied with the judgment, and the review was brought by him, and on the trial he prevailed, he obtained such a judgment as it appeared he should have had, if the review had been the original action, with the addition, until recently, of the costs of the former action.

If, on the other hand, the defendant brought the writ of review, and reversed the judgment recovered by the

plaintiff, in whole or in part, he recovered a judgment which furnished him an appropriate remedy.

If the original judgment for the plaintiff was for the recovery of damages, and it appeared upon a review that there was no cause of action, the defendant recovered back, in damages, what the plaintiff had recovered of him. If it appeared that the first judgment was errone- ous in part only, the defendant recovered damages to the extent of the error.

The Revised Statutes, chapter 102, section 10, enact that " if the amount of property, debt and damages, recovered by the original plaintiff, is increased on review, he shall recover judgment for the excess and costs ; if such amount is reduced, the original defendant shall recover judgment for the amount of such reduction and costs ;" thus sanc- tioning the former practice respecting the mode of enter- ing the judgment. There is a change relating to the costs of the first action.

If the original action is for the recovery of land, and the plaintiff obtains judgment, a recovery by the defend- ant, upon review, operates more nearly like a technical re- versal. The defendant has judgment for the land, or for that part of it to which it appears he has title, and he has a writ of possession. 7 N. H. Rep. 491, *Little* v. *Bruce.* Although there is no technical reversal, the first judg- ment is no bar to the rendition of a judgment on review, by which its errors are corrected.

If the original plaintiff recovers judgment upon a mort- gage, and, entering under a writ of possession, holds for one year, the mortgage is thereby foreclosed, subject to be defeated by a review. Such foreclosure does not pre- vent an examination into the validity of his mortgage, or the amount of his debt, when the original cause of action is again brought under consideration upon review. The writ of review will not open the foreclosure so as to per- mit a redemption, if the plaintiff's judgment was right-

ful. But if, on the review, it appears that the mortgage was invalid, the defendant will have a judgment to recover the possession of the land. The foreclosure cannot avail unless the judgment stand unaffected, for it is founded upon the judgment. If it appear on the review that the plaintiff recovered his conditional judgment for too great a sum, the foreclosure fails in like manner, and a corresponding conditional judgment must be rendered, that if the defendant shall pay the amount then found to be due, within the usual term, a writ of possession shall issue to restore the possession to him. Whether, in that case, the original plaintiff will be accountable for rents and profits, in any form, we are not required to settle at this time They cannot be deducted from the sum found due, upon the review.

If it be true, therefore, that the original plaintiff has entered, under his judgment, and held peaceable possession for more than a year, that is of no importance at this stage of the proceedings.

*Motion denied.*